* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Hall with minor modifications.
 * * * * * * * * * * *
The following were marked and received into evidence by the Deputy Commissioner as:
 EXHIBITS
Plaintiff's Exhibit No. 1 — Medical Records;
Defendants Exhibit No. 1 — Wage and Tax Records;
Plaintiff's Exhibit No. 2-2003 1099 for Eric Sean Wise; and
Plaintiff's Exhibit No. 3-2003 1099 for Plaintiff from Wise Tree Service.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. The plaintiff worked for J. Travis Wise and E. Sean Wise d/b/a Wise Tree Service. J. Travis Wise and E. Sean Wise had been conducting the business as a partnership since early 2002 and split the profits between them.
2. On or about January 2003, Wise Tree Service hired the plaintiff as a general laborer for their tree pruning and tree removal business.
3. On or about September 19, 2003, the plaintiff was injured when he was holding a rope that was tied to a limb so the limb could be lowered without damaging anything below it. The plaintiff misjudged the weight of the limb and when it was cut and fell from the tree, it hit him in the face. The plaintiff suffered a closed head injury with loss of consciousness and a deep laceration on the left side of the nose.
4. The plaintiff missed two weeks of work and was paid for one of those weeks. The plaintiff returned to work for Wise Tree Service, but later quit after he found another job.
5. The plaintiff incurred $8,367.00 in medical expenses from Frye Regional Medical Center, $7,025.39 in medical expenses from Catawba Valley Medical Center, and $48.37 in prescription costs from College Drug Pharmacy.
6. On September 19, 2003, Wise Tree Service only had two employees, the plaintiff and Jose, who was another general laborer. Wise Tree Service did not have three or more employees and was not subject to the North Carolina Workers' Compensation Act.
7. John Samuel Wise is the sole stockholder and owner of Wise Landscaping, Inc. t/a Wise Landscaping Tree Service. Wise Landscaping, Inc. did not employ the plaintiff on or about September 19, 2003. John Samuel Wise still does some work with a part time laborer by the name of Ronnie. John Samuel Wise has some equipment that he leased to his sons for use in their business.
8. Wise Landscaping, Inc. does not have three or more employees and is not subject to the North Carolina Workers' Compensation Act. Shirley Wise is the ex-wife of John Samuel Wise and is not involved in the business.
9. The plaintiff has failed to prove that his employer had three or more employees and was subject to the North Carolina Workers' Compensation Act.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff has failed to prove that the defendants J. Travis Wise and E. Sean Wise d/b/a Wise Tree Service had three or more employees and were subject to the Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
2. The plaintiff has failed to prove that he was an employee of Defendant Wise Landscaping, Inc. t/a Wise Landscaping Tree Service or that Defendant Wise Landscaping, Inc. t/a Wise Landscaping Tree Service had three or more employees and was subject to the Workers' Compensation Act. N.C. Gen. Stat. § 97-2.
3. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by penalty of One Dollar ($1.00) for each employee, but not less than Fifty Dollars ($50.00) nor more than One Hundred Dollars ($100.00) for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b).
4. Any person who has the ability and authority to bring the employer into compliance with N.C. Gen. Stat. § 97-93 and willfully fails to bring the employer in compliance or neglects to bring the employer in compliance may be assessed a penalty equal to 100% of the amount of compensation due the defendant's employees injured during the time the defendant failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94(d).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. The plaintiff's claim is hereby DENIED.
2. No penalties are assessed in this matter.
3. The parties shall pay their own costs.
This 3rd day of August 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER